1

**THE URBAN LAW FIRM**
Michael A. Urban, Nevada State Bar No. 3875

2   Nathan R. Ring, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9

3   Las Vegas, Nevada 89103
Telephone:  (702) 968-8087

4   Facsimile:  (702) 968-8088
E-mail:     murban@theurbanlawfirm.com

5                nring@theurbanlawfirm.com
*Counsel for Plaintiffs*

6

7                           **UNITED STATES DISTRICT COURT**

8                                **DISTRICT OF NEVADA**

9   TRUSTEES OF THE BRICKLAYERS &
ALLIED CRAFTWORKERS LOCAL 13        **CASE NO.:   2:11-cv-01994-GMN-GWF**

10  DEFINED CONTRIBUTION PENSION
TRUST FOR SOUTHERN NEVADA;

11  TRUSTEES OF THE BRICKLAYERS &
ALLIED CRAFTWORKERS LOCAL 13

12  HEALTH BENEFITS FUND; TRUSTEES OF
THE BRICKLAYERS & ALLIED             **FINDINGS OF FACT, CONCLUSIONS OF**

13  CRAFTWORKERS LOCAL 13 VACATION      **LAW, AND ORDER GRANTING DEFAULT**
FUND; BRICKLAYERS & ALLIED           **JUDGMENT AGAINST MARBELLA**

14  CRAFTWORKERS LOCAL 13 NEVADA;       **FLOORING, INC. AND ROBERT OLMOS**
TRUSTEES OF THE BRICKLAYERS &

15  TROWEL TRADES INTERNATIONAL
PENSION FUND; TRUSTEES OF THE

16  BRICKLAYERS & TROWEL TRADES
INTERNATIONAL HEALTH FUND; and

17  TRUSTEES OF THE INTERNATIONAL
MASONRY INSTITUTE,

18

19                  Plaintiffs,

20         vs.

21  MARBELLA FLOORING, INC., a California
Corporation; ROBERT IMUS, an individual;

22  and ROBERT OLMOS, an individual,

23

24         Defendants.

25

26  ////

27  ////

28  ////

7192

1   This matter came before the Court on Plaintiffs, TRUSTEES OF THE BRICKLAYERS &
2   ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FUND;
3   TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH
4   BENEFITS FUND; BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL 13, NEVADA
5   (hereinafter "Local 13"); TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES
6   INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED
7   CRAFTWORKERS INTERNATIONAL HEALTH FUND; TRUSTEES OF THE BRICKLAYERS &
8   ALLIED CRAFTWORKERS INTERNATIONAL ANNUITY FUND and TRUSTEES OF THE
9   BRICKLAYERS & ALLIED CRAFTWORKERS INTERNATIONAL MASONRY INSTITUTE
10   (collectively hereinafter "Plaintiffs"), Motion for Default Judgment against Defendants, MARBELLA
11   FLOORING, INC. ("Marbella") and ROBERT OLMOS ("Olmos") (collectively hereinafter
12   "Defendants"). Having considered the Plaintiffs' Motion for Default Judgment, noting the Defendants'
13   failure to file a response to the Plaintiffs' motion and considering itself fully apprised of the facts in this
14   case, this Court issues the following findings of fact, conclusions of law and order:

### FINDINGS OF FACT

16   Plaintiffs are the Trustees of collectively bargained fringe benefit trusts. They brought this
17   action pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29
18   U.S.C. § 185(a), and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"),
19   as amended 29 U.S.C. § 1132. Plaintiffs' complaint is for unpaid fringe benefit contributions due and
20   owing to the Trusts from the Defendants. The contributions are due pursuant to a collective bargaining
21   agreement between the Defendants and Local 13. The claim on the motion for default judgment is based
22   upon Marbella's failure to pay the amount of fringe benefit contributions shown on fringe benefit
23   contribution reports provided by Marbella and Marbella's providing of NSF checks to the Trusts.
24   Plaintiffs also seek liquidated damages, prejudgment interest, attorneys' fees and costs from Marbella
25   and Olmos based on the unpaid contributions shown on the audit report. These additional amounts are
26   required under the collective bargaining agreement and are mandated under 29 U.S.C. § 1132(g)(2).
27   ////
28   ////

7192

2

**A. The Collective Bargaining Agreement**

On March 23, 2009, Marbella executed a Memorandum of Individual Employer. Marbella voluntarily recognized Local 13 as the bargaining representative of its employees.  By signing the Memorandum of Individual Employer, Marbella agreed to be bound by the terms and conditions of the Master Labor Agreement (hereinafter "MLA") for Local 13 and to make contributions to the Plaintiffs consistent with the Formal Declarations of Trust (hereinafter "Trust Agreements") incorporated into the MLA.  The Trust Agreements created and govern the operation of the Plaintiff Trusts.

Marbella agreed, by the terms and conditions of the MLA and related Trust Agreements, to submit true, complete and accurate written monthly contribution reports to the Trusts on a timely basis. Further, Marbella agreed it would pay fringe benefit contributions to the Trusts on a monthly basis and at specified rates for each hour worked by or paid to its employees who perform any work covered by the MLA.  At all times material herein, Marbella has been obligated to postmark its monthly contribution reports and pay its contributions to the Trusts at their place of business, on or before the 30th of each successive month.

**B. Marbella Failed to Pay Required Contributions**

Despite Marbella's obligations under the MLA and Trust Agreements, it failed to pay fringe benefit contributions for the month of January 2011.  Additionally, while Marbella submitted its required monthly fringe benefit contribution reports, it submitted NSF checks for fringe benefit contributions for work performed in June, July and August of 2011.  Defendants refused to pay the delinquent amounts to Plaintiffs and failed to respond to Plaintiffs' counsel's final demand letters. Marbella and its controlling shareholder and officer, Olmos, cannot dispute the accuracy of their own monthly reports, which were supplied to the Plaintiffs by Defendants.

**C. Marbella and Olmos Failed to Answer the Complaint and Default was Entered by the Clerk of this Court**

On December 14, 2011, Plaintiffs commenced this action by filing their Complaint (#1) against Defendants, Marbella, Olmos and Robert Imus[1] (hereinafter "Imus").  Plaintiffs asserted claims against

---

[1] Although not germane to this Motion for Default Judgment, Defendant Imus has not yet been personally served with a copy of the Summons and Complaint.  Plaintiffs' counsel and their agent have made several attempts to serve Imus, but it appears he is evading service.
7192

1    all Defendants for breach of written collective bargaining agreements and related trust agreements, and

2    breach of fiduciary duties (constructive trust, and misappropriation of trust assets). Plaintiffs' agents

3    personally served Marbella with the summons and complaint on December 16, 2011, by service upon its

4    registered agent. Plaintiffs' agents personally served Olmos with the summons and complaint on

5    December 20, 2011. Pursuant to Federal Rule of Civil Procedure 12(a), Marbella's response was due no

6    later than January 6, 2012, and Olmos' response was due no later than January 10, 2012.

7         Marbella and Olmos failed to respond to the summons and complaint within the time allotted,

8    and on January 12, 2012, the Plaintiffs moved for Entry of Clerk's Default against Defendants, Marbella

9    and Olmos. Plaintiffs served Marbella and Olmos with the Request for Entry of Default. On January 13,

10   2012, the Clerk of Court entered Default against Marbella and Olmos because neither Marbella nor

11   Olmos answered or otherwise responded to the complaint.

12        The Defendants did not appear in this case, and on February 24, 2012, the Plaintiffs filed a

13   Motion for Default Judgment with this Court and served Marbella and Olmos with the motion. Pursuant

14   to Federal Rules of Civil Procedure 12(b)(4), Defendants' response was due no later than March 12,

15   2012. Based on Defendants' failure to respond to the Plaintiffs' motion in the time allotted, Plaintiffs

16   filed a Notice of Non-Opposition with this Court. This Court carefully considered the Plaintiffs'

17   motion, the affidavits filed in support of their motion, and supporting documents attached and

18   incorporated into the affidavits, and now grants default judgment to the Plaintiffs and against Marbella

19   and Olmos.

20                                    **CONCLUSIONS OF LAW**

21        Plaintiffs are entitled to default judgment against Marbella and Olmos because the Defendants

22   failed to abide by the terms of the collective bargaining agreement and related trust agreements. In

23   addition to breaching the collective bargaining agreement and related trust agreements, Defendants are

24   liable to the Plaintiffs for breaching their fiduciary and co-fiduciary duties to the Trusts, their

25   participants, and beneficiaries.

26   ////

27   ////

28   ////

7192

1

2

**A.   MARBELLA BREACHED THE COLLECTIVE BARGAINING AGREEMENT, RELATED TRUST AGREEMENTS AND VIOLATED ERISA**

3    When a Court considers a motion for default judgment, all allegations in the complaint, with the

4    exception of those allegations relating to the amount of damages, are taken as true. Geddes v. United

5    Financial Corp., 559 F.2d 557, 560 (9th Cir. 1977); FED. R. CIV. P. 8(d).   In their complaint, the

6    Plaintiffs alleged Marbella agreed to the terms of the collective bargaining agreement with Local 13.

7    The Plaintiffs supplemented their allegations in the complaint by submitting signed documents showing

8    Marbella's written agreement to be a party to the collective bargaining agreement.   Marbella and Olmos

9    failed to respond to the complaint; it is therefore established that Marbella is bound by the terms of the

10   collective bargaining agreement and related trust agreements of the BAC Trusts and International Trusts

11   contained therein.   Even if Marbella and Olmos had responded to the Complaint or opposed the

12   Plaintiffs' motion, this Court would still conclude that Marbella was bound to the collective bargaining

13   agreement and related trust agreements.

14   The collective bargaining agreement in this case requires employers, including Marbella, to

15   make fringe benefit contributions for each hour of covered work performed by each of its employees.   It

16   is well-established in this Circuit that similar contractual provisions for the collection of fringe benefit

17   contributions are approved of and well within the mandates of ERISA.   Waggoner v. Wm. Radkovich

18   Co., Inc., 620 F.2d 206 (9th Cir. 1980); Burke v. Lenihan, 606 F.2d 840 (9th Cir. 1979); Waggoner v. C

19   & D Pipeline Co., 601 F.2d 456 (9th Cir. 1979).   In fact, the collective bargaining agreements approved

20   of in Wm. Radkovich Co., Inc., Burke, and C & D Pipeline Co. are substantially similar to the collective

21   bargaining agreement at issue here, though, with minor differences.   In C & D Pipeline, the Ninth

22   Circuit stated:

23

24       [t]he agreement requires employers to make contributions for all hours
         worked by employees who perform any work covered by the agreement.
         * * *

25

26       A requirement that contributions be based on all hours worked or paid
         permits the trustees to rely on payroll records to determine if employers
         are making proper contributions to the trust funds.

27

28

7192

1    601 F.2d at 459.  In this case, the required contributions are for hours of covered work performed by

2    each of its employees.  Such a method for calculating contributions is supported by binding Ninth

3    Circuit precedent.

4            ERISA places an affirmative duty upon employers to maintain proper payroll and related

5    records.  Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333, 1338 (9th Cir.

6    1988).  Marbella held the primary responsibility for calculating and reporting the amount of fringe

7    benefit contributions due to the Plaintiffs by completing approved monthly reporting forms and mailing

8    those forms to the Plaintiffs.  Furthermore, Marbella agreed it would pay those fringe benefit

9    contributions as reported on a monthly basis.  While monthly reports were submitted in a timely manner,

10   Marbella submitted NSF checks as payment for the contributions reported.  Plaintiffs supplemented

11   their allegations in the complaint by submitting copies of monthly reports, the NSF checks, and reports

12   of the NSF checks from Plaintiffs' Bank.  Marbella did not answer the Plaintiffs' complaint or respond

13   to the Plaintiffs' Motion for Default Judgment.  For that reason, the allegations within the Plaintiffs'

14   complaint are taken as true.  See Geddes, 559 F.2d at 560.  Accordingly, Marbella has admitted that it

15   owes delinquent contributions to the Trusts. See id.  Marbella remains liable to the Plaintiffs for the

16   unpaid fringe benefit contributions.  See Operating Eng'rs Pension Trust vs. A-C Co., 859 F.2d 1336,

17   1342 (9th Cir. 1988).

18
19   **B.    THE COLLECTIVE BARGAINING AGREEMENT AND 29 U.S.C. § 1132(g)(2) REQUIRE PAYMENT OF LIQUIDATED DAMAGES, PREJUDGMENT INTEREST, AND ATTORNEY'S FEES AND COSTS TO THE PLAINTIFFS.**
20

21           The collective bargaining agreement, to which Marbella is bound, contains provisions requiring

22   delinquent employers to pay liquidated damages, prejudgment interest, auditing costs, and attorney's

23   fees and costs of the Trusts when the Trusts recover delinquent fringe benefit contributions.  Ninth

24   Circuit precedent holds such a clause fully enforceable because of "the federal labor policy of enforcing

25   the parties' intent as expressed in their negotiated agreement."  Waggoner v. Nw. Excavating, Inc., 642

26   F.2d 333, 339 (9th Cir. 1981), reaff'd on remand 685 F.2d 1224 (9th Cir. 1982).  Other federal courts

27   have also upheld and enforced liquidated damages provisions where, as here, the amount of liquidated

28   damages is reasonable.  See, e.g., U.S. for the Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210,

7192

77 S.Ct. 793 (1957) (approving a liquidated damages clause); <u>United O.A.B. & S.M.U. 21 v. Thorlief Larson & Son, Inc.</u>, 519 F.2d 331, 337 (9th Cir. 1975) (same).  Pursuant to Ninth Circuit precedent, the terms of the collective bargaining agreement, as it was negotiated and agreed to by the parties, should be upheld and the Plaintiffs are entitled to their contract remedies of liquidated damages, prejudgment interest, auditing costs, and attorneys' fees and costs.

In addition to the parties' collective bargaining agreement providing for the payment of liquidated damages, prejudgment interest, auditing costs and attorney's fees and costs, Section 502 of ERISA, 29 U.S.C. § 1132, mandates the payment of such amounts.  Congress amended 29 U.S.C. § 1132 in 1980 to specifically provide for the payment of prejudgment interest, liquidated damages and attorney's fees and costs to the Plaintiffs when they recover unpaid fringe benefit contributions.  Section 502 of ERISA, 29 U.S.C. § 1132(g)(2) provides:

> (2)  In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, ***the court shall award the plan***:
> (A)    the unpaid contributions,
> (B)    ***interest on the unpaid contributions***,
> (C)    an amount equal to the greater of--
>        (i)    ***interest on the unpaid contributions***, or
>        (ii)   liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentages as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D)    ***reasonable attorney's fees and costs*** of the action, to be paid by the defendant, and
> (E)    such other legal and equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

29 U.S.C. § 1132(g)(2) (emphasis added).  The controlling statute mandates an award of prejudgment interest, liquidated damages and attorneys' fees and costs.  <u>Kemmis v. McGoldrick</u>, 706 F.2d 993, 997-98 (9th Cir. 1983); <u>San Pedro Fisherman's Welfare Trust Fund v. DiBenardo</u>, 664 F.2d 1344 (9th Cir. 1982) (holding the damages specified in 29 U.S.C. § 1132(g)(2), including attorneys' fees, must be awarded whenever an ERISA trust fund obtains a judgment for unpaid contributions against an employer).

////

7192

### 1.   Liquidated Damages

An employer must pay liquidated damages to an employee-benefit trust fund when "(1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages." Nw. Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 259 (9th Cir. 1996) (citing Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989)); see also Trs. of the Constr. Industry and Laborers Health and Welfare Fund v. B. Witt Concrete Cutting, Inc., 685 F. Supp. 2d 1158, 1162 (D. Nev. 2010). Circuit Courts of Appeal throughout the country have approved awards of liquidated damages under facts similar to or exactly like the facts in this case. The United States Court of Appeals for the Second Circuit noted the case law in this area when it stated:

> [T]he Fifth, Seventh, Eighth, and Ninth Circuits have held or indicated that an employer cannot escape its statutory liability for interest, liquidated damages or double interest, attorneys fees, and costs simply by paying the delinquent contributions before the entry of judgment in a § 1132 (g)(2) action brought to recover delinquent contributions.

Iron Workers Dist. Counsel of W. N.Y. v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1508 (2d Cir. 1995); see also Nw. Adm'rs., Inc., 104 F.3d at 258 (liquidated damages awarded despite defendants' post-suit, prejudgment payment of delinquent contributions); Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp., 258 F.3d 645 (7th Cir. 2001); Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988).

Here the principal amount of unpaid fringe benefit contributions, due and owing to the Trusts totals $11,577.14. Pursuant to 29 U.S.C. § 1132(g)(2) and applying the liquidated damages clause in the parties' agreements, which mandates 20% of the amount of unpaid contributions be paid as liquidated damages, Plaintiffs are entitled to liquidated damages in the amount of $2,315.42.

### 2.   Prejudgment Interest

In addition to unpaid contributions and liquidated damages, pursuant to 29 U.S.C. § 1132(g)(2)(B), Plaintiffs are entitled to prejudgment interest on the unpaid contributions. As of the date of Plaintiffs' motion for default judgment, prejudgment interest totals $1,597.43 and the amount of prejudgment interest continues to accrue daily. Prejudgment interest was calculated pursuant to the 14% interest rate established by the MLA.

7192

### 3.   Attorney's Fees

District Courts are statutorily mandated to award employee-benefit trust funds their reasonable amount of attorney's fees and costs expended in collecting unpaid fringe benefit contributions.  Trs. of the Amalgamated Ins. Fund v. Geltman Indus., Inc., 784 F.2d 926, 931 (9th Cir. 1986) (citing Lads Trucking v. Board of Trs., 777 F.2d 1371, 1373 (9th Cir.1985); Operating Eng'rs. Pension Trust v. Beck Eng'g. & Surveying, 746 F.2d 557, 569 (9th Cir.1984); Operating Eng'rs Pension Trust v. Reed, 726 F.2d 513, 514 (9th Cir.1984); Kemmis v. McGoldrick, 706 F.2d at 997-98; San Pedro Fishermen's Welfare Trust Fund, 664 F.2d at 1346)).  Under the terms of the collective bargaining agreement and pursuant to 29 U.S.C. § 1132(g)(2), the Plaintiffs are entitled to their attorneys' fees and costs.  As of the date of Plaintiffs' Motion for Default Judgment, attorney's fees and costs were in the amount of $8,297.34 ($7,431.00 in attorney's fees and $866.34 in costs) and this amount has increased.  The amount of fees is reasonable in this matter because it was fully supported by the declaration of Plaintiffs' counsel and the total recovery, without attorney's fee, was much less than the amount of fees and costs expended.

### C.   DEFAULT JUDGMENT IS PROPER BECAUSE ALL EITEL FACTORS WEIGH HEAVILY IN FAVOR OF ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS.

Federal Rule of Civil Procedure 55(b) permits this Court to enter default judgment. FED. R. CIV. P. 55(b).  District Courts in this Circuit consider the following factors when exercising their discretion to enter default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (5) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The balancing of each of these factors weighs heavily in favor of entering default judgment in this case.

////

////

7192

**1.      Plaintiffs will be greatly prejudiced unless the motion for default judgment is granted.**

For several reasons, Plaintiffs will suffer great prejudice if this Court does not grant their Motion for Default Judgment.  Plaintiffs have expended many hours of effort and thousands of dollars in attorney's fees in pursuit of their claim.  If this Court were to deny judgment, the Plaintiffs would have pursued their viable claim for what would essentially be no purpose.  In addition, Plaintiffs have no other way in which to obtain an enforceable form of relief against Marbella or Olmos; only a judgment will allow the Plaintiffs to secure the delinquent fringe benefit contributions via execution.  Further, Plaintiffs' beneficiaries stand to lose the benefit of their personal contributions because of the Defendants' breach of the collective bargaining agreement and related trust agreements.

**a.      Plaintiffs went to great expense to pursue their claim**

Plaintiffs have spent substantial time and effort itemizing and proving their claim against the Defendants.  Plaintiffs filed their complaint on December 14, 2011, and served the complaint upon Marbella and Olmos on December 16, 2011, and December 20, 2011, respectively.  The Defendants' defaults were entered on January 13, 2012, after they failed to respond to the Plaintiffs' complaint.

As a result of Defendants' continued non-compliance with the relevant agreements and the Federal Rules of Civil Procedure, Plaintiffs were forced to file a Motion for Default Judgment for the purpose of collecting delinquent contributions and related damages.  Prior to the time they filed their complaint in this case, the Plaintiffs expended great amounts of time and effort attempting to collect from the Defendants. The Plaintiffs' attempts to resolve the matter amicably were unsuccessful.  Only after unsuccessfully attempting to resolve the matter did the Plaintiffs file this case.  In light of the great effort expended in attempting to procure Defendants' compliance with the relevant agreements; Plaintiffs' counsel preparing and filing a well-pled complaint, requesting entry of default against both Marbella and Olmos; and preparing a Motion for Default Judgment, the fees and costs incurred by Plaintiffs are reasonable.  The Plaintiffs went to great expense to pursue this claim and it would be inequitable for them to not be permitted judgment because the Defendants refused to appear or defend in this case.

////

7192

      b.      **Plaintiffs have no other form of obtaining relief.**

A default judgment is the final form of relief available to the Plaintiffs in this action. Prior to filing their complaint, Plaintiffs attempted to obtain Defendants' compliance with the applicable Agreements. Defendants were continually uncooperative throughout the entire process, and Plaintiffs were required to file this case to enforce their rights under the collective bargaining agreement and related trust agreements.

Defendants have been repeatedly noncompliant with the Plaintiffs' demands and this Court's procedural rules. Accordingly, Plaintiffs request an executable judgment for the purpose of securing the unpaid fringe benefit contributions and other relief to which they are legally entitled. The only manner in which the Plaintiffs may secure this judgment is through a grant of default judgment.

      2.      **Plaintiffs' substantive claims would be successful if tried on the merits.**

Plaintiffs' rights and Defendants' obligations are explicit and well-established by a contractual relationship. The facts of this case are straightforward, simple, and uncontested. Marbella is obligated, under a collective bargaining agreement, to pay fringe benefit contributions at a defined rate for each hour of covered work performed by its employees. Marbella failed to pay contributions at specified rates on behalf of its employees.

Defendants have the primary responsibility to calculate and report the amount of fringe benefit contributions due to the Plaintiffs by completing approved monthly reporting forms and mailing those forms to the Plaintiffs. Marbella agreed to prepare and submit true, complete and accurate written reports to the Trusts on a timely basis showing the identities of its employees performing work covered by the MLA and the number of hours worked by or paid to these employees. Further, Marbella agreed it would pay fringe benefit contributions to the Trusts on a monthly basis and at specified rates for each hour worked by or paid to its employees who perform any work covered under the MLA. At all times material herein, Marbella has been obligated to postmark its monthly Reports and pay its contributions to the Trusts, on or before the 30th day of each successive month. These amounts are due and payable at the Trusts' administrative offices.

Marbella submitted its required reports to the Trusts' administrative offices but failed to pay the amount of fringe benefit contributions shown on those Reports. After Plaintiffs made numerous

7192

1   attempts to contact Marbella and obtain payments of the amounts due and owing, the Trusts were forced

2   to seek legal counsel in order to obtain the amounts due and owing.

3          Marbella submitted a check for fringe benefit contributions to the International Trusts in July

4   2011 for work performed in June 2011.  The check was returned to the International Trusts because

5   Marbella's account was NSF at the time the check was received.  The Trusts attempted to procure

6   payment from Marbella but did not receive payment.  Marbella also submitted additional NSF Checks to

7   the International Trusts for July and August 2011.  In addition to Marbella's submission of NSF checks,

8   it failed to submit checks to the Trusts for its January 2011 contributions.

9          Even if the Defendants had answered the complaint and defended this suit, their argument would

10  still fail because they would be unable to support their claims with either facts or law.  In fact,

11  voluminous case law supports the judgment this Court now enters for the Plaintiffs.

12              **3.      The causes of action in the complaint were pled with specificity, and
                          Plaintiffs adhered to the service requirements of Federal Rule of Civil**
13                        **Procedure 4.**

14         Plaintiffs' complaint set forth their causes of action for Defendants' breach of the collective

15  bargaining agreement and related trust agreements with requisite specificity.  Plaintiffs specified the

16  parties, the agreements to which Defendants were (and are) bound, and the applicable federal law

17  governing each of the agreements.  The complaint also indicated the total amount Defendants owed in

18  fringe benefit contributions, liquidated damages and prejudgment interest (through the date of the

19  Complaint).  The Plaintiffs' complaint provided their final amounts of attorneys' fees and costs,

20  liquidated damages, and interest would be established by proof, which they provided in affidavits with

21  their Motion for Default Judgment.  In accordance with the Federal Rules of Civil Procedure, Plaintiffs'

22  agent personally served the summons and complaint on both Marbella and Olmos.

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

7192

**4.     The sum of money at stake in the action.**

Plaintiffs established their entitlement to a total of **$15,486.99**.  This amount is broken down as follows:

**BAC Local 13 Trust Funds**

| | |
|---|---|
| Fringe Benefit Contributions (January 2011)………………………………….. | $5,607.82 |
| Liquidated Damages………………… | $1,121.56 |
| Interest……………………………. | $875.43[2] |
| **Total** | **$7,604.81** |

**International Trust Funds**

| | |
|---|---|
| Fringe Benefit Contributions (January 2011)………………………………….. | $2,994.09 |
| Liquidated Damages………………… | $598.81 |
| Interest……………………………. | $467.41[3] |
| **Total** | **$4,060.31** |

**NSF Checks provided to International Trusts**

| | |
|---|---|
| NSF Check for June 2011 work …… | $425.95 |
| Interest on June 2011 contributions…. | $42.57[4] |
| NSF Check for July 2011 work……… | $1,301.91 |
| Interest on July 2011 contributions…… | $114.42[5] |
| NSF Check for August 2011 work…... | $1,247.37 |
| Interest on August 2011 contributions………………………….. | $94.59[6] |
| Liquidated Damages on all NSF Checks……………...……………….. | $595.05 |
| **Total** | **$3,821.87** |
| **GRAND TOTAL** | **$15,486.99**[7] |

In addition to the above amounts, Plaintiffs are also entitled to post-judgment interest on the total judgment amount.

---

[2] Interest calculated through March 27, 2012, but continues to accrue daily.
[3] Interest calculated through March 27, 2012, but continues to accrue daily.
[4] Interest calculated through March 27, 2012, but continues to accrue daily.
[5] Interest calculated through March 27, 2012, but continues to accrue daily.
[6] Interest calculated through March 27, 2012, but continues to accrue daily.
[7] Total includes January 2011 amounts for BAC Local 13 Trust Funds, International Trust Funds and NSF checks.
7192

### 5.      Any possibility of a dispute concerning material facts is unlikely

The material facts in this case are indisputable: (1) at all times relevant to this action, Defendants were bound to a collective bargaining agreement, which obligated them to pay fringe benefit contributions for each hour of covered work performed; (2) Defendants and their employees performed a significant amount of covered work for which Defendants did not submit required contributions; and (3) Defendants have not made any payments in satisfaction of this obligation. The delinquencies have not been satisfied either in whole or in part, and Defendants will not be able to provide evidence to the contrary.

It is worth noting that the judgment amount sought by Plaintiffs is based on Defendants' own fringe benefit contribution reports, which admit the amounts owed. *See* Fed. R. Evid. 801(d)(2). Any dispute over these facts is essentially foreclosed because the Defendants' records provided the information concerning the unpaid contributions.

### 6.      Defendants' default was *not* due to excusable neglect

The determination of whether neglect is excusable is an equitable decision, which takes into account all relevant circumstances surrounding a party's omission. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). These circumstances include the danger of prejudice to the debtor; the length of the delay [in requesting relief from default] and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the defaulting party; and whether the defaulting party acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489 (1993).

Not a single Pioneer Investment element weighs in the Defendants' favor. This is true because Plaintiffs' claims are easily verifiable, which demonstrates they would prevail at trial or through a dispositive motion in the non-default context, such as a motion for summary judgment. Furthermore, Defendants have not once attempted to cure their default. Instead, while being well aware of the ongoing prosecution of this matter, both Marbella and Olmos ignored the Complaint that was duly served upon them on December 16, 2011, and December 20, 2011, respectively. The Plaintiffs gave the Defendants considerable time to answer the complaint or cure their defaults, but the Defendants

7192

1   continued to ignore the legal proceeding against them.  Defendants also received the Plaintiffs' Motion

2   for Default Judgment through U.S. Mail, but did not respond.

3          Defendants cannot, in good faith, claim their failure to defend in this case was due to excusable

4   neglect.  Default was entered against each Defendant because of their disinterest in responding to the

5   Complaint, not an inability to do so.  *See* <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 696 (quoting <u>Pioneer</u>

6   <u>Inv. Servs. Co.</u>, 507 U.S. at 395) (taking into account whether [the dilatory conduct or delay] was within

7   the reasonable control of the party seeking to set aside default).  In fact, Defendants' continued non-

8   participation in this case is culpable conduct and constitutes an appropriate ground for entry of default

9   and default judgment against them.  *See* <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388,

10  1392 (9th Cir. 1988), *cert. denied*, 110 S. Ct. 168 (1989) (holding that culpable conduct occurs when a

11  defendant receives actual or constructive notice of the filing of a claim and intentionally fails to answer).

12  The Defendants' conduct in this case is clearly culpable conduct, and their failure to participate in this

13  case is not caused by excusable neglect.  Accordingly, the entry of default in this case was valid, and the

14  Plaintiffs' Motion for Default Judgment is properly before this Court for decision and may be granted.

15

16          **7.     The potential for prejudice to the Plaintiffs warrants the entry of default judgment, even when balanced with the Federal Rules of Civil Procedure's preference for decisions on the merits.**

17

18          Though decisions should be obtained after full hearings on the merits of the case, there are

19  certain situations when obtaining decisions based solely on the merits are simply impossible.  As shown

20  in the preceding paragraphs, and the Plaintiffs' motion, this case presents a situation in which a

21  judgment on the merits is impossible.  A decision on the merits is impossible because the Defendants

22  refuse to answer the complaint or participate in this case.  *See* <u>Levi Strauss & Co. v. Toyo Enterprise</u>

23  <u>Co., LTD.</u>, 665 F. Supp. 2d 184, 1098 (N.D. Cal. 2009); <u>Pepsico, Inc. v. California Security Cans</u>, 238

24  F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

25          In this case, the policy of the Federal Rules of Civil Procedure, which favors decisions on the

26  merits, must be measured against the great prejudice Plaintiffs will suffer if they are forced to either file

27  this action again (with little hope of the Defendants' participation in the new action); forego the

28  $15,330.68 they are entitled to under the collective bargaining agreement, trust agreements and federal

7192

law; or to continue litigating the instant matter ostensibly against themselves. This Court will not punish the Plaintiffs for the *Defendants'* continual refusal to abide by the Federal Rules of Civil Procedure or participate in the judicial process. Great prejudice would indeed be placed upon the Plaintiffs if this Court did not grant their Motion for Default Judgment.

> ### 8. Plaintiffs' beneficiaries will suffer great prejudice if this motion is not granted.

Just as Plaintiffs have suffered prejudice because of the Defendants' failure to submit contributions, their beneficiaries will likely suffer greater prejudice if this Court fails to grant judgment to the Plaintiffs. In order to enjoy the fruits of their own labor and fringe benefits administered by the Plaintiffs, the beneficiaries made certain contributions from their own paychecks. Unfortunately, the beneficiaries have been unable to enjoy the benefit of their personal contributions because the Defendants failed to make the required contribution payments to the Plaintiffs. This is an issue of public policy– the beneficiaries must be given the opportunity to enjoy the benefit of funds that they each contributed from their personal paychecks.

## D. OLMOS, AS A FIDUCIARY, IS LIABLE TO THE TRUSTS, JOINTLY AND SEVERALLY WITH MARBELLA

As demonstrated above, Marbella is liable for unpaid fringe benefit contributions, liquidated damages, prejudgment interest, and the Plaintiffs' attorney's fees and costs. Mr. Olmos, as the treasurer, secretary and controlling shareholder of Marbella, is individually liable for these amounts because he is a fiduciary of the Plaintiff Trusts. As a fiduciary, he had a duty to ensure Trust assets, here fringe benefit contributions, were properly submitted and did not inure to the benefit of an employer. Mr. Olmos did not ensure contributions were properly provided to the Plaintiffs, and he and Marbella owe a significant delinquency to the Trusts.

### 1. Mr. Olmos has a Fiduciary Duty to the Trusts and their Beneficiaries

Under ERISA, "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting … the disposition of its assets …" 29 U.S.C. § 1002(21)(A). The United States Court of Appeals for the Ninth Circuit holds this definition of "fiduciary" extends to corporate officers and controlling shareholders. <u>Kayes v. Pac. Lumber Co.</u>, 51

7192

1    F.3d 1449, 1459–61 (9th Cir. 1995); *see also* <u>Yeseta v. Baima</u>, 837 F.2d 380 (9th Cir. 1995) (holding a

2    corporate officer liable as fiduciary under ERISA). Because Mr. Olmos is the treasurer, secretary, and

3    controlling shareholder of Marbella, with the responsibility of submitting contributions to the Trusts, he

4    is a "fiduciary" under ERISA. 29 U.S.C. § 1002(21)(A); *see also* <u>Trs. of the S. Cal. Pipe Trades Health</u>

5    <u>and Welfare Trust Fund v. Temecula Mech., Inc.</u>, 438 F. Supp. 2d 1156, 1167 (C.D. Cal. 2006) ("A plan

6    fiduciary includes not only those named as fiduciaries in the plan documents but anyone else who

7    exercises discretionary control or authority respecting the plan's management or disposition of its

8    assets."). The <u>Temecula Mechanical</u> Court held a fiduciary, "includes anyone, an individual, a

9    corporation, etc., who has discretionary authority over the management of the plan or its assets." <u>Id.</u> at

10   1168. The Plaintiff Trusts' assets include unpaid, but due and owing fringe benefit contributions, Mr.

11   Olmos, as a fiduciary, had control over and "discretionary authority" to properly remit contributions to

12   the Plaintiffs.

13         Cases from courts beyond the Ninth Circuit have also held that corporate officers may be liable

14   for fiduciary breaches if they fail to properly remit fringe benefit contributions. *See* <u>Health Funds v.</u>

15   <u>Nettleton Mech. Contractors, Inc.</u>, 478 F. Supp. 2d 279, 283-84 (D. Conn. 2007); *see also* <u>NYSA-ILA</u>

16   <u>Medical & Clinical Serv. Fund v. Catucci</u>, 60 F. Supp. 2d 194, 202-03 (S.D.N.Y. 1999) (citing <u>PBGC v.</u>

17   <u>Solmsen</u>, 671 F. Supp. 938, 946 (E.D.N.Y. 1987)); <u>Connors v. Paybra Mining Co.</u>, 807 F. Supp. 1242,

18   1246 (S.D.W.V. 1992).

19         As a fiduciary, Mr. Olmos must "discharge [his] duties with respect to a plan solely in the

20   interest of the participants and beneficiaries and - - (A) for [the] exclusive purpose of (i) providing

21   benefits to participants and their beneficiaries; and … (D) in accordance with the documents and

22   instruments governing the plan …" 29 U.S.C. § 1104(a)(1)(A)-(D). Mr. Olmos breached his fiduciary

23   duties and failed to act in the best interests of Marbella's participant employees because he failed to

24   remit money withheld from the participant employee's wages and converted them for use by Marbella.

25   Mr. Olmos cannot dispute this fact because the contributions are still outstanding and the Trusts have

26   never received payment of those contributions from Marbella or Mr. Olmos. There is no dispute that

27   Mr. Olmos, as the treasurer, secretary, and controlling shareholder of Marbella, with discretionary

28   authority over plan assets, is a fiduciary of the Trusts.

7192

### 2. Unpaid, but Due and Owing Contributions are Trust Assets

Courts recognize unpaid fringe benefit contributions as plan or trust assets when the governing documents specify as such. *See* Temecula Mech., Inc., 438 F. Supp. 2d at 1165; *see also* Carpenters Pension Trust Fund for N. Cal. v. Moxley, 2011 U.S. Dist. LEXIS 38106 (N.D. Cal. 2010); Nettleton Mech. Contractors, Inc., 478 F. Supp. 2d at 283-84; NYSA-ILA Medical & Clinical Serv. Fund, 60 F. Supp. 2d at 202-03 (citing Solmsen, 671 F. Supp. at 946); Paybra Mining Co., 807 F. Supp. at 1246.

The Trust Agreements creating the Plaintiff Trusts provide that payments to be made to the Trusts are contributions and as contributions, the payments are Trust assets. The Trust Agreements govern the maintenance of the Trust, the duties of employers such as Marbella, duties of fiduciaries of the Trusts, and the disposition of benefits to participants and beneficiaries. The agreements state that unpaid, but due and owing contributions constitute assets of the Trusts. For instance, Article 1, Section 11 of the Agreement and Declaration of Trust Creating the Bricklayers and Allied Craftworkers Local 13 Vacation Fund ("Vacation Trust Agreement") states, in pertinent part:

> The assets of this Vacation Fund ***shall consist of*** the sums of money that ***have been or will be paid or which are due and owing*** to the Fund by the Employers as required by the Collective Bargaining Agreements and any and all other Contributions and Payments to the extent permitted by law.

(Emphasis added).

With regard to the Bricklayers and Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada ("Pension Trust"), Section 1.01 of Amendment No. 5 to the Agreement and Declaration of Trust Creating the Bricklayers and Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada ("Pension Trust Agreement") states as follows: "All funds contributed to the Trust by Employers and all monies, properties, and other things of value which may be contributed … shall constitute the trust fund covered by this Trust Agreement…" The Pension Trust Agreement clearly includes future unpaid contributions as Trust Assets.

Likewise, Section 1.09 of the Agreement and Declaration of Trust Establishing the Bricklayers and Allied Craftworkers Local 13 Health Benefits Fund identifies such contributions as those "made or required to be made by Employers to the fund," thereby requiring and including as Trust assets the future, unpaid but due and owing fringe benefit contributions.

7192

Article 2(d) of the Agreement and Declaration of Trust of the International Masonry Institute ("Masonry Trust Agreement") states, in pertinent part, "Trust means this Trust including the monies and other assets held under this Agreement and Declaration of Trust as well as future contributions provided for under collective bargaining agreements or otherwise."   The Masonry Trust Agreement later addresses the manner in which contributions are to be made, and defers to the Master Labor Agreement, which requires contributions to be made in monthly payments.   This agreement also explicitly provides for "future contributions," which would include contributions to be made as Trust assets.

The Restated Agreement and Declaration of Trust of the Bricklayers and Trowel Trades International Pension Fund also defines "Trust Fund", "Fund", and "Trust" to include contributions. However, it is important to note that the Health Benefits Fund and the Pension Fund are both defined contribution plans, which means, the employees do not receive benefits under these plans until an employer properly contributes to the Trusts.   With Olmos' failure to effectively remit these payments to the various Trusts, he has interfered with employees' ability to receive the benefit of the trust agreements and the MLA.

The agreements establishing the Plaintiff Trusts clearly contemplate not only payments made as contributions and plan assets, but also include payments that are to be made as contributions and plan assets.   Marbella's unpaid fringe benefit contributions are Trust assets over which Mr. Olmos exercised discretionary authority.   Mr. Olmos is unable to dispute this because he did not answer in this case and all facts pled by the Plaintiffs are taken as true.   The Trusts are entitled to judgment against Mr. Olmos because he breached his fiduciary duty to the Trusts and their beneficiaries.

### 3.   Contributions Drawn from Employee Payroll Deductions are De Facto Trust Assets

Regardless of any specific language contained in the Trust Agreements, the U.S. Department of Labor has stated that employee contributions paid through employee payroll deductions are *de facto* trust assets.   *See* 29 C.F.R. 2510.3-102(a).[8]   This conclusion is also supported by the United States Court of Appeals for the Ninth Circuit's decision in Nelson v. EG & G Energy Measurements Group, 37 F.3d 1384, 1390–91 (9th Cir. 1994).   The Nelson Court held employee contributions from payroll are plan

---

[8] "...[T]he assets of the plan include...amounts that a participant has withheld from his wages by an employer, for contribution to the plan..." *Id.*
7192

1  assets. *Id.* at 1390-91.   The deductions become plan assets as soon as they "can reasonably be
2  segregated from the employer's general assets." *Id.* at 1391.

3          In this case, the payroll deductions of Marbella's employees were plan assets as soon as they
4  could reasonably be segregated from Marbella's general assets.   The reasonable time for segregation of
5  funds has certainly passed.   Marbella's unpaid contribution reports from January 2011 have been due
6  and owing for more than a full year.   The NSF checks were submitted more than six months ago.
7  Marbella withheld plan assets and Mr. Olmos, as the treasurer and a Trust fiduciary, breached his duty to
8  properly remit those assets to the Trusts.

9          Along with Marbella, Mr. Olmos is liable for unpaid fringe benefit contributions, liquidated
10  damages, and prejudgment interest.   As shown above, Mr. Olmos breached his fiduciary duties to the
11  Trusts and their beneficiaries, which entitles the Trusts to a statutorily mandated award of attorneys' fees
12  and costs.  29 U.S.C. § 1132(g)(2); *see also* <u>Kemmis</u>, 706 F.2d at 997-98.  Mr. Olmos and Marbella are
13  jointly and severally liable for the Plaintiffs' attorneys' fees and costs incurred in this action.   *See*
14  <u>Operating Eng'rs Pension Trust v. A-C Co.</u>, 859 F.2d at 1342.   As a fiduciary of the Trusts, Mr. Olmos
15  is jointly and severally liable for all amounts owed by Marbella.  *See* 29 U.S.C. § 1132(g)(2).

16  ////
17  ////
18  ////
19  ////
20  ////
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

7192

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  This Court grants Plaintiffs Motion for Default Judgment against Defendants, Marbella Flooring, Inc. and Robert Olmos.

2.  Defendants are jointly and severally liable to the Plaintiffs for unpaid fringe benefit contributions in the amount of $15,486.99.

3.  The Defendants liability and Plaintiffs recovery of the unpaid contributions also entitles the Plaintiffs to recovery of liquidated damages, prejudgment interest, auditing costs, and attorney's fees and costs for a total judgment amount of $23,784.33.

**DATED** this 17th day of April, 2012.

_(signature)_

Gloria M. Navarro
United States District Judge

Submitted by:

**THE URBAN LAW FIRM**

_(signature)_

Nathan R. Ring, Nevada State Bar No. 12078
*Attorney for the Plaintiffs*

7192

1

**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 South Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile:  (702) 968-8088
Electronic Mail: Murban@theurbanlawfirm.com,
                 Nring@theurbanlawfirm.com
*Counsel for Plaintiffs*

2

3

4

5

6

7                         **UNITED STATES DISTRICT COURT**

8                              **DISTRICT OF NEVADA**

9

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, | CASE NO.: 2:11-cv-01994-GMN-GWF <br><br> **DECLARATION OF NATHAN R. RING IN SUPPORT OF ATTORNEY'S FEES AND COSTS AND INTEREST ON JUDGMENT** <br><br> **[FED. R. CIV. P. 55(b)(2)]** |

19                 Plaintiffs,

20        vs.

21    MARBELLA FLOORING, INC., a California
      corporation; ROBERT IMUS, an individual; and
22    ROBERT OLMOS, an individual,

23                 Defendants.

24

25    I, Nathan R. Ring, declare and say:

26            1. I am an attorney duly licensed to practice in the State of Nevada and admitted to practice

27    before this District Court.

28

2. I am counsel of record for the Plaintiffs, TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE (hereinafter "Trusts"), and I am the attorney responsible for the prosecution of this action.

3. Attorneys and staff personnel of The Urban Law Firm keep daily records of the time they work on each case. The work entries are made for each tenth-hour of the workday. The information is manually entered into a computer program and printed out on separate sheets for each case handled by the office. The printouts provide a summary of all work performed by the attorneys and staff in our office for each case. These summaries are used for client billing purposes. I have reviewed the daily time records and summaries prepared for work performed by the office in connection with this case. The attorney's fees and time expended by our office on behalf of the plaintiffs in this action since August 2011 are summarized in **"Exhibit A"** attached hereto and incorporated by this reference.

4. The following paragraphs are devoted to providing responses to the guidelines, regarding reasonableness of attorney's fees, set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

(1) <u>Time and Labor Required</u>- The time and labor required for prosecution of this case is set forth in detail in Exhibit A, which is attached to this declaration. As indicated herein, the time set forth in the summaries submitted with this Declaration is actual time worked by counsel for the Plaintiffs. Our firm does not use a "minimum billing" fee for particular tasks or legal work. All time listed was worked and has or will be paid for by the Plaintiffs. I believe the actual time spent on the work in this case is reasonable.

1    (2) <u>Novelty and Difficulty of the Questions Presented by this Case</u>- This case does not
2    present any unique or novel legal issues, primarily because of the defendants' default.

3    (3) <u>Skill Required to Properly Perform the Legal Services</u>- Representation of employee
4    benefit plans in cases such as this requires professional capability in federal litigation, as well as
5    substantive understanding of principles of national labor policy.   In addition, counsel must
6    understand ERISA and its provisions pertaining to collection of unpaid contributions.  Counsel is
7    responsible for understanding and protecting collection practices defined by the bargaining parties
8    so that enforceability of the collective bargaining agreement will not be infringed upon.  Counsel
9    must also understand the processed of audits and be able to work with auditors and Trust
10   administrators.  Further, counsel should be capable of providing meaningful assistance to the Court
11   in expressing applicable principles of law that govern as precedent.  These objectives have been
12   achieved in this case.

13   (4) <u>Preclusion of Other Employment</u>- This office obtained this case on August 8, 2011.
14   From that time until the present, lawyers and staff with The Urban Law Firm have devoted
15   numerous hours to this case.  Had this matter not been pursued, the firm's time could have been
16   devoted to other cases and clients.

17   (5) <u>The Customary Fee</u>- The fees charged to the Plaintiffs in this case are the customary
18   fees charged to this client in all similar matters.  The hourly rates charged to the client compare
19   favorably with the typical rates charged by other attorneys to similar trust fund clients.

20   (6) <u>Fixed or Contingent Fee</u>-  The fees charged to the Plaintiffs in this case are fixed
21   hourly rates, and are not contingent fees.

22   (7) <u>Amount Involved and Results Obtained</u>-  The Plaintiffs, if this motion is granted,
23   have been successful in obtaining the right to judgment for all amounts originally claimed; plus
24   additional amounts mandated by ERISA. The judgment amount obtained, not including attorney's
25   fees and costs, totals $15,486.99.[1]

26

27

28   _____

[1] This amount includes unpaid contributions in the amount of $11,577.14, liquidated damaged in the amount of
$2,315.42, and pre-judgment interest of $1,594.43.

1    (8) <u>Experience, Reputation & Ability of Attorneys</u>- I was admitted to practice law in the

2    State of Nevada in October, 2010.  I was admitted to practice before this District Court in March,

3    2011.  I have been continuously employed as a litigation attorney since March, 2011.  Michael A.

4    Urban, the named partner of The Urban Law Firm, was admitted to practice in Nevada in 1989.

5    Mr. Urban is also admitted to practice in Washington (1990) and California (1980).  He began

6    working as a trial attorney in 1980 and has been continuously employed as a trial attorney since

7    December, 1980.  In January 1988, he became a partner with the firm of Jett & Laquer, which

8    subsequently became Laquer, Urban, Clifford & Hodge LLP.  Since January of 2010, Mr. Urban

9    has been practicing as The Urban Law Firm.  He has been responsible for handling collection

10   efforts for the Plaintiffs against hundreds of delinquent employers in Nevada at the trial court level.

11   All paralegals at this firm bill at the rate of $100.00 per hour.

12       (9) <u>Undesirability of the Case</u>- This case is not considered undesirable.

13       (10) <u>Notice and Length of Professional Relationships with Client</u>-  Mr. Urban has

14   represented the plaintiffs continuously since March 1, 2005.

15       (11) <u>Awards in Similar Cases</u>- The award of attorney's fees to an employee benefit plan

16   that prevails in its claim for delinquent trust fund contributions is a mandatory fee award.  The

17   hourly fee to the Plaintiffs of $275.00 is a reasonable fee.  The typical fee in cases such as this can

18   often be in excess of $350.00 per hour.  *See Southerland v. Int'l Longshoremen's Warehousemens*

19   *Union, Local 8*, 834 F.2d 790, 795 (9th Cir. 1987).

20       5. The Trusts have incurred attorney's fees of $7,431.00 and costs of $866.34 in this

21   matter.

22       6. The Trusts attorney's fees have increased with the preparation of proposed findings of

23   fact and conclusions of law, which were filed with the Court.  Our office has also had extensive

24   communication in office and with the Trustees regarding this case.  Those discussions have

25   increased attorney's fees, as has the need to prepare revised proposed findings of fact and

26   conclusions of law to present to the Court.  In addition, the overall costs have increased as our

27   office has received bills for service, postage, and mailing of items to the Defendants and the Trusts.

28   The costs and fees incurred have been paid for by the Trusts and are reasonable.

7.  The amounts presently due to the Trusts are as follows:

| | |
|---|---|
| Unpaid monthly contributions (January 2011) ..................................................... | $  8,601.91 |
| Liquidated damages for unpaid monthly contributions (January 2011) ............... | $  1,720.37 |
| Pre-Judgment interest for unpaid monthly contributions...................................... | $  1,342.84[2] |
| NSF Checks (Work in June, July and August 2011)  ......................................... | $  2,975.23 |
| Interest on NSF Checks ..................................……............................................ | $    251.59 |
| Liquidated damages for NSF Checks…………….………………………... | $    595.05 |
| Attorney's fees ....................................................................................................... | $  7,431.00 |
| Costs....................................................................................................................... | $    866.34 |

*Total Judgment Amount*  $ 23,784.33

8.   None of the Defendants is a minor, an incompetent person, in military service, or otherwise exempted under the Servicemembers' Civil Relief Act, 50 U.S.C. § 501, *et. seq.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and if called as a witness, I could and would competently testify thereto.

Executed at Las Vegas, Nevada on this 27th day of March, 2012.

_Nathan_

Nathan R. Ring, Nevada State Bar No. 12078

---

[2] Pre-judgment interest is calculated through March 27, 2012, but continues to accrue daily at the contract rate of fourteen-percent (14%) per annum.  The interest calculations are attached at **Exhibit B**.  Interest continues to accrue daily.

# EXHIBIT A

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
| 11/23/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review email from NRR regarding status of case. | T | 0.1000 | 100.0000 | 10.0000 |
| 12/5/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR/MAU regarding status of second delinquency. | T | 0.1000 | 100.0000 | 10.0000 |
| 12/8/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Litigation meeting:  Conference with MAU/NRR regarding status of case. | T | 0.1000 | 100.0000 | 10.0000 |
| 12/14/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding complaint.  Finalize pleadings for filing/service. | T | 0.6000 | 100.0000 | 60.0000 |
| 12/15/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive and review summons/filings from USDC. Prepare complaint for service upon all defendants. Review NRS 608.150 letter to APCO. | T | 0.5000 | 100.0000 | 50.0000 |
| 12/15/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on affidavit and request for issuance of writ of execution. Memo from NRR regarding cots/fees. | T | 0.2000 | 100.0000 | 20.0000 |
| 12/19/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review process serve of Marbella. | T | 0.1000 | 100.0000 | 10.0000 |
| 12/20/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive and review affidavit of service upon Marbella Flooring.  Prepare Affidavit of Service. | T | 0.2000 | 100.0000 | 20.0000 |
| 1/5/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Draft affidavit of service of summons and complaint upon Robert Olmos. | T | 0.1000 | 100.0000 | 10.0000 |
| 1/10/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Memo from NRR regarding conference call with Cara at Marbella Flooring.  Email to Cara at Marbella Flooring. | T | 0.1000 | 100.0000 | 10.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID Stage: (all) Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------------------------------|------------------------|-------|-------|-------|
| 1/11/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding status of defendants' response to complaint and Clerk's default. | T | 0.1000 | 100.0000 | 10.0000 |
| 1/11/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on Clerk's Default, NRR's Declaration and Request for Entry of Default against Robert Olmos and Marbella Flooring.  Telephone call to and from LW regarding status of serve on Robert Imus. | T | 0.6000 | 100.0000 | 60.0000 |
| 1/12/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Memo from NRR regarding default.  Work on Request for Entry of Default, declaration and proposed default.  Finalize documents for filling. | T | 0.3000 | 100.0000 | 30.0000 |
| 1/24/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding NRS 608.150 claims in CA and sister state judgment. | T | 0.1000 | 100.0000 | 10.0000 |
| 1/24/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding motion for default judgment. | T | 0.1000 | 100.0000 | 10.0000 |
| 1/25/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on Motion for Default Judgment Against Olmos and Marbella | T | 0.8000 | 100.0000 | 80.0000 |
| 1/25/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with LW out of state server regarding affidavit of attempted service on Robert Imus. | T | 0.1000 | 100.0000 | 10.0000 |
| 1/26/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding bond claim. | T | 0.1000 | 100.0000 | 10.0000 |
| 1/26/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on motion for default judgment. | T | 1.5000 | 100.0000 | 150.0000 |
| 1/27/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on motion for default judgment. Calculate | T | 1.8000 | 100.0000 | 180.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|--------------------------|-------------|-------|-------|-------|
| | | interest and draft judgment spreadsheet.  Prepare costs/fees report.  Memo to NRR regarding motion. | | | | |
| 1/27/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Draft declaration in support of motion for default. | T | 0.8000 | 100.0000 | 80.0000 |
| 1/30/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review affidavit of service regarding process serve on Robert Imus. | T | 0.1000 | 100.0000 | 10.0000 |
| 1/30/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding motion for default judgment.  Work on motion for default judgment. | T | 0.4000 | 100.0000 | 40.0000 |
| 1/31/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on motion for default judgment, declaration and proposed judgment.  Review file regarding bond claim and bond company information.  Conference with NRR and draft letter to insurance company. | T | 2.4000 | 100.0000 | 240.0000 |
| 2/1/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Memo from NRR regarding bond claim demand letter to Platte River Insurance.  Work on interest calculations.  Finalize letter for submission. | T | 1.0000 | 100.0000 | 100.0000 |
| 2/1/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on motion for default judgment and declaration revisions. | T | 1.2000 | 100.0000 | 120.0000 |
| 2/2/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with JJP regarding declaration of Octavio Medrano and revisions to motion for default judgment. | T | 0.1000 | 100.0000 | 10.0000 |
| 2/2/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on motion for default judgment. | T | 0.7000 | 100.0000 | 70.0000 |
| 2/3/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Finalize bond letter to Platte River Insurance. | T | 0.2000 | 100.0000 | 20.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------|------|-------|-------|-------|
| 2/3/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Correspondence to clients regarding bond claim with Platte River. | T | 0.1000 | 100.0000 | 10.0000 |
| 2/9/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding motion for default judgment. Email correspondence from and to NRR/Ira Mitzner/Octavio Medrano regarding motion for default judgment. | T | 0.1000 | 100.0000 | 10.0000 |
| 2/15/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Correspondence from Capitol Insurance Companies bond claim.  Note to NRR. | T | 0.1000 | 100.0000 | 10.0000 |
| 2/17/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on interest calculations for claim. | T | 1.3000 | 100.0000 | 130.0000 |
| 2/21/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Status of motion for default judgment to NRR. | T | 0.1000 | 100.0000 | 10.0000 |
| 2/21/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on motion for default judgment.  Prepare exhibits and declarations. | T | 2.4000 | 100.0000 | 240.0000 |
| 2/23/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on motion for default judgment. Conference with NRR regarding changes to interest calculations. Revise calculations. | T | 1.3000 | 100.0000 | 130.0000 |
| 2/23/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding final changes to motion for default judgment.  Work on final revisions. | T | 0.1000 | 100.0000 | 10.0000 |
| 2/24/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on motion for default judgment. | T | 0.2000 | 100.0000 | 20.0000 |
| 2/24/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Email from NRR regarding status.  Review file for status update to NRR. | T | 0.2000 | 100.0000 | 20.0000 |

# The Urban Law Firm

## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|-------|-------|-------|
| 2/24/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Redact exhibits to Octavio Medrano's declaration. Prepare motion for filing. | T | 1.5000 | 100.0000 | 150.0000 |
| 2/24/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review Platte River Insurance Company's requirements for filing a Proof of Claim.  Work on Proof of Claim.  Email to Mike Shea at Zenith regarding employer reports. | T | 0.5000 | 100.0000 | 50.0000 |
| 2/28/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review notes from NRR regarding Platte River Insurance Company Proof of Claim.  Work on Proof of Claim. | T | 0.5000 | 100.0000 | 50.0000 |
| 2/28/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Email from Debbie Soto regarding monthly reports. | T | 0.1000 | 100.0000 | 10.0000 |
| 2/28/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review reports from Zenith. | T | 0.1000 | 100.0000 | 10.0000 |
| 3/1/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding bond Proof of Claim. Update interest and attorney's fees calculations. Conference with NRR regarding final changes. Revise Proof of Claim and prepare supporting documents.  Draft letter to Capitol Insurance (Platte River) regarding Proof of Claim. Email clients and Claim Agent at Capitol. | T | 2.2000 | 100.0000 | 220.0000 |
| 3/13/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR/MAU non-opposition from Marbella/Olmos and preparation of Findings of Facts and Conclusions of Law. | T | 0.1000 | 100.0000 | 10.0000 |
| 3/15/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on notice of non-opposition. | T | 0.2000 | 100.0000 | 20.0000 |
| 3/15/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Work on Notice of Non-Opposition, Findings of Facts | T | 1.3000 | 100.0000 | 130.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID  Stage: (all)  Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------------------------------|------------------------|-------|-------|-------|
| | | and Conclusions of Law. | | | | |
| 3/15/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Work on Finding of Facts and Conclusions of Law. | T | 0.6000 | 100.0000 | 60.0000 |
| 3/16/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Continue work on Findings of Facts and Conclusions of Law. | T | 0.1000 | 100.0000 | 10.0000 |
| 3/16/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Finalize notice of non-opposition. | T | 0.3000 | 100.0000 | 30.0000 |
| 3/19/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Work on Findings of Fact and Conclusions of Law. | T | 1.0000 | 100.0000 | 100.0000 |
| 3/19/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Work on Findings of Facts and Conclusions of Law. | T | 0.8000 | 100.0000 | 80.0000 |
| 3/20/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Work on Findings of Fact and Conclusions of Law. Conference with NRR. | T | 0.8000 | 100.0000 | 80.0000 |
| 3/21/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Email from Abbey Koenig at Capitol regarding bond claim. Email to NRR. | T | 0.1000 | 100.0000 | 10.0000 |
| 3/21/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Conference with NRR regarding revisions to Findings of Fact and Conclusions of Law. Update judgment calculations and contribution interest. Draft Proposed Judgment. | T | 1.6000 | 100.0000 | 160.0000 |
| 3/22/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Draft letter to Abbey Koenig at Capitol regarding bond claim. | T | 0.3000 | 100.0000 | 30.0000 |
| 3/23/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Revisions to letter to Abbey Koenig at Capitol Insurance regarding bond claim. Email to clients/Ms. Koenig. | T | 0.2000 | 100.0000 | 20.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----------------------------------------------------|------------------------|-------|-------|-------|
| 3/26/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Work on Declaration of NRR and proposed<br>judgment. | T | 0.2000 | 100.0000 | 20.0000 |
| 10/5/2011 | MAU | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Telephone call from Carlos Aquin regarding second<br>delinquency.  Conference with NRR. | T | 0.1000 | 275.0000 | 27.5000 |
| 10/5/2011 | MAU | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Email from employer.  Conference with NRR<br>regarding records. | T | 0.2000 | 275.0000 | 55.0000 |
| 11/8/2011 | MAU | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding status of case<br>settlement. | T | 0.2000 | 275.0000 | 55.0000 |
| 11/23/2011 | MAU | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding Order to USDC, new<br>delinquency and second USDC suit. | T | 0.2000 | 275.0000 | 55.0000 |
| 11/30/2011 | MAU | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Review added NSF check data from International.<br>Conference with NRR.  Email to International Trusts<br>and to Carlos Aquin. | T | 0.3000 | 275.0000 | 82.5000 |
| 12/20/2011 | MAU | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Conference with NRR regarding work on Mob<br>Museum job and NRS 608.150 and levies to APCO. | T | 0.2000 | 275.0000 | 55.0000 |
| 8/18/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Conference with MAU on preparation and filing of<br>complaint and inclusion of bond claim. | T | 0.1000 | 170.0000 | 17.0000 |
| 8/18/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prepare complaint for second delinquency. | T | 0.8000 | 170.0000 | 136.0000 |
| 8/19/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prepare, edit and revise complaint for unpaid reports<br>and cancellation of fringe benefit performance bond. | T | 2.2000 | 170.0000 | 374.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 8/19/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Prepare summons for all defendants, civil cover sheet, and certificate of interested parties. | T | 0.6000 | 170.0000 | 102.0000 |
| 9/13/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive and review e-mail correspondence between MAU, Carlos Aquin, and Rich Crawford regarding proceeding on collection of the second delinquency. | T | 0.2000 | 170.0000 | 34.0000 |
| 9/20/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with MAU on his contact with Carlos Aquin regarding sending a final demand letter to Marbella on the second delinquency. | T | 0.1000 | 170.0000 | 17.0000 |
| 9/20/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Prepare final demand letter to Marbella for payment of delinquent contributions. | T | 0.3000 | 170.0000 | 51.0000 |
| 9/23/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Tele-conference with Bob Imus of Marbella concerning his desire to pay the amounts to the international trusts January unpaid reports. | T | 0.1000 | 170.0000 | 17.0000 |
| 9/23/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Prepare case status update. | T | 0.1000 | 170.0000 | 17.0000 |
| 9/23/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with CAS regarding providing the final demand letter and unpaid reports to Marbella President Bob Imus via fax. | T | 0.1000 | 170.0000 | 17.0000 |
| 10/11/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Place call to Bob Imus, President of Marbella, he was not in office, left message regarding payment of January delinquency amounts. | T | 0.2000 | 170.0000 | 34.0000 |
| 11/18/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with MAU and Octavio from International concerning Marbella's June check being returned for NSF. | T | 0.2000 | 170.0000 | 34.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------|------|-------|-------|-------|
| 11/21/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Prepare letter to Bob Imus regarding Marbella's failure to pay January and June International Trust Funds amounts. | T | 0.2000 | 170.0000 | 34.0000 |
| 11/23/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Edit and revise prepared complaint to add claim for International Trusts' NSF check received for June 2011 from Marbella. | T | 0.4000 | 170.0000 | 68.0000 |
| 11/30/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with MAU and Carlos Aquin regarding Marbella's new NSF Checks to the International Trusts. | T | 0.1000 | 170.0000 | 17.0000 |
| 11/30/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive and review NSF Check reports from Marbella Flooring to the International Trusts. | T | 0.1000 | 170.0000 | 17.0000 |
| 12/8/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Discuss proceeding on second complaint in periodic litigation meeting. | T | 0.1000 | 170.0000 | 17.0000 |
| 12/14/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Edit complaint to add two new NSF Checks to International Trusts and prepare final version for filing. | T | 0.4000 | 170.0000 | 68.0000 |
| 12/14/2011 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Prepare and edit civil cover sheet, summons, and certificate of interested parties for filing of complaint. | T | 0.5000 | 170.0000 | 85.0000 |
| 1/9/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Tele-conference with Cara, accountant for Marbella, concerning the NSF checks and all of the amounts due on the Second Complaint. | T | 0.2000 | 170.0000 | 34.0000 |
| 1/9/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with CAS regarding sending full amounts due to Marbella FLooring. | T | 0.1000 | 170.0000 | 17.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|---|---|---|---|---|---|---|
| 1/10/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with CAS regarding contacting Marbella to confirm the amounts owed on the Second Complaint and possible payment with their accountant, Cara. | T | 0.1000 | 170.0000 | 17.0000 |
| 1/10/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Tele-conference with Cara, accountant from Marbella, regarding their offer to pay the second complaint with a joint check from Apco. | T | 0.2000 | 170.0000 | 34.0000 |
| 1/11/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with MAU regarding Marbella's offer to settle the second complaint with a joint check. | T | 0.1000 | 170.0000 | 17.0000 |
| 1/11/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review draft request for entry of default, supporting affidavit, and clerk's proposed default on Marbella and Olmos. | T | 0.2000 | 170.0000 | 34.0000 |
| 1/12/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with MAU concerning contacting Rich Crawford about his conversation with Marbella. | T | 0.1000 | 170.0000 | 17.0000 |
| 1/12/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Tele-conference with Rich Crawford regarding my discussion with Cara at MArbella about their work at the Mob Museum for APco. | T | 0.1000 | 170.0000 | 17.0000 |
| 1/12/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with MAU and IRa Mitzner concerning the traveling language in the Marbella agreement. | T | 0.1000 | 170.0000 | 17.0000 |
| 1/13/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive and review clerk's approval of entry of default against Marbella. | T | 0.1000 | 170.0000 | 17.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|----------------------------------------------------------|------------------------|-------|-------|-------|
| 1/18/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Discuss case progression at periodic litigation meeting. | T | 0.1000 | 170.0000 | 17.0000 |
| 1/26/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with CAS regarding making a claim on Marbella's bond for the amounts in the second complaint. | T | 0.1000 | 170.0000 | 17.0000 |
| 1/26/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Research Marbella's bond information on the Nevada State Contractor's Board website. | T | 0.1000 | 170.0000 | 17.0000 |
| 1/30/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Edit and revise draft motion for default judgment. | T | 0.9000 | 170.0000 | 153.0000 |
| 1/30/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Edit and revise draft NRR declaration in support of motion for default judgment. | T | 0.4000 | 170.0000 | 68.0000 |
| 1/31/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review second draft of Default Judgment Motion against Marbella. | T | 0.5000 | 170.0000 | 85.0000 |
| 1/31/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review and edit second draft of NRR declaration in support of default judgment motion. | T | 0.2000 | 170.0000 | 34.0000 |
| 1/31/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review and edit first draft of proposed judgment against Marbella. | T | 0.1000 | 170.0000 | 17.0000 |
| 1/31/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review and edit first draft of bond claim letter. | T | 0.1000 | 170.0000 | 17.0000 |
| 2/1/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with CAS regarding the interest calculations needed on the NSF checks. | T | 0.1000 | 170.0000 | 17.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|----------------------------------------------------------|------------------------|-------|-------|-------|
| 2/2/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive and review draft of Marbella Default Judgment Motion and NRR supporting declaration. | T | 0.6000 | 170.0000 | 102.0000 |
| 2/2/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with CAS concerning preparation of a declaration for Octavio Medrano in support of summary judgment | T | 0.2000 | 170.0000 | 34.0000 |
| 2/2/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review and edit draft of Bond Claim Letter. | T | 0.2000 | 170.0000 | 34.0000 |
| 2/9/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Prepare, edit, and revise declaration of Octavio Medrano in support of motion for default judgment. | T | 1.2000 | 170.0000 | 204.0000 |
| 2/9/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with Octavio Medrano regarding his declaration in support of motion for default judgment. | T | 0.2000 | 170.0000 | 34.0000 |
| 2/9/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with Ira Mitzner regarding the Octavio Medrano declaration in support of the motion for default judgment. | T | 0.2000 | 170.0000 | 34.0000 |
| 2/10/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with Octavio Medrano regarding receipt of his signed declaration in support of motion for default judgment. | T | 0.1000 | 170.0000 | 17.0000 |
| 2/10/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Edit and revise NRR Declaration in support of motion for default judgment. | T | 0.3000 | 170.0000 | 51.0000 |
| 2/22/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Edit and receive NRR declaration in support of motion for default judgment against Marbella and Olmos. | T | 0.2000 | 170.0000 | 34.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|--------------------------------------------------------|-----------------------|-------|-------|-------|
| 2/22/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive and review fee and cost reports for use in support of NRR declaration in support of motion for default judgment. | T | 0.1000 | 170.0000 | 17.0000 |
| 2/22/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review and organize exhibits for support of Octavio Medrano Declaration. | T | 0.2000 | 170.0000 | 34.0000 |
| 2/22/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive, review, and edit draft proposed judgment against Marbella and Olmos. | T | 0.1000 | 170.0000 | 17.0000 |
| 2/22/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review, revise, and edit motion for default judgment against Marbella and Olmos. | T | 0.9000 | 170.0000 | 153.0000 |
| 2/22/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review, revise, and edit interest calculations in support of motion for default judgment against Marbella and Olmos. | T | 0.2000 | 170.0000 | 34.0000 |
| 2/24/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with KTO regarding retrieving reports from June, July, and August 2011 from Mike Shea. | T | 0.1000 | 170.0000 | 17.0000 |
| 2/24/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with CAS and MAU concerning the default judgment motion and retrieving reports from Mike Shea regarding Marbella's contributions from June to September 2011 | T | 0.1000 | 170.0000 | 17.0000 |
| 2/24/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review, approve, and sign final version of motion for default judgment, declarations in support of motion, and exhibits in support of motion. | T | 1.0000 | 170.0000 | 170.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----------------------------------------------------------|------------------------|-------|-------|-------|
| 2/27/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Edit and revise bond claim form to Platte River Insurance Company. | T | 0.2000 | 170.0000 | 34.0000 |
| 2/28/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with CAS concerning receipt of contributions reports from Mike Shea | T | 0.1000 | 170.0000 | 17.0000 |
| 2/28/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review second draft and exhibits to be attached to bonding company's request for further information. | T | 0.3000 | 170.0000 | 51.0000 |
| 2/28/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive and review reports from Zenith for Marbella between 5/2011 and 9/2011 (period of the mob museum project). | T | 0.4000 | 170.0000 | 68.0000 |
| 2/28/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with CAS, Debbi Soto and Mike Shea concerning Marbella's reports for 5/2011 through 9/2011 (period of the mob museum project). | T | 0.1000 | 170.0000 | 17.0000 |
| 2/29/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review and analyze Marbella's certified payroll records on Apco's projects, reports from the Trusts for Marbella, and the labor agreement to determine amounts owed under NRS 608.150 by Apco from its contracting to Marbella. | T | 1.8000 | 170.0000 | 306.0000 |
| 3/1/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive, review, and approve final version of bond claim against Marbella's bonding company. | T | 0.1000 | 170.0000 | 17.0000 |
| 3/1/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with CAS regarding the exhibts to present with the final bond claim demand. | T | 0.1000 | 170.0000 | 17.0000 |
| 3/1/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review and approve cover letter to bond claim notice. | T | 0.1000 | 170.0000 | 17.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID  Stage: (all)  Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|--------------------------------------------------------|------------------------|-------|-------|-------|
| 3/13/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail corrrespondence with MAU and CAS regarding Marbella and Olmos' non-opposition to the default judgment motion. | T | 0.2000 | 170.0000 | 34.0000 |
| 3/16/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review and revise Notic eof Non-Opposition to Motion for DEfault Judgment. | T | 0.2000 | 170.0000 | 34.0000 |
| 3/16/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with CAS and MAU concerning the proposed findings of fact and conclusions of law. | T | 0.1000 | 170.0000 | 17.0000 |
| 3/20/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review, edit, and revise draft proposed findings of fact, conclusions of law, and judgment for judge's signature. | T | 1.2000 | 170.0000 | 204.0000 |
| 3/21/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Receive and review bond documents from Marbella's bonding company concerning the claim we filed against Marbella 's bond. | T | 0.1000 | 170.0000 | 17.0000 |
| 3/21/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>E-mail correspondence with CAS and MAU concerning the backup information requested by Marbella's bond company. | T | 0.2000 | 170.0000 | 34.0000 |
| 3/21/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Conference with CAS concerning edits and revisions to the proposed findngs of fact, conclusions of law, and judgment. | T | 0.2000 | 170.0000 | 34.0000 |
| 3/22/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Review, edit, and revise response letter to MArbella's bond company reagrding their request for more information. | T | 0.2000 | 170.0000 | 34.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|--------------------------------------------------------|------------------------|-------|-------|-------|
| 3/23/2012 | NRR | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Discuss case at periodic litigation meeting. | T | 0.1000 | 170.0000 | 17.0000 |
| 10/26/2011 | VPH | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency]<br>Meeting with NRR re Employer's request for status letter, 7K payment, Apco Construction, etc. | T | 0.2000 | 100.0000 | 20.0000 |
|  |  | Grand Total | | 56.6000 | | 7,431.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: All costs

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|--------------------------------------------------------|------------------------|-------|-------|-------|
| **Date: 8/19/2011** | | | | | | |
| 8/19/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 12.0000 | 0.2500 | 3.0000 |
| | | Date: 8/19/2011 | | 12.0000 | | 3.0000 |
| **Date: 9/20/2011** | | | | | | |
| 9/20/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 3.0000 | 0.2500 | 0.7500 |
| 9/20/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 2.0000 | 0.2500 | 0.5000 |
| | | Date: 9/20/2011 | | 5.0000 | | 1.2500 |
| **Date: 9/21/2011** | | | | | | |
| 9/21/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 2.0000 | 0.2500 | 0.5000 |
| 9/21/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 2.0000 | 0.2500 | 0.5000 |
| | | Date: 9/21/2011 | | 4.0000 | | 1.0000 |
| **Date: 9/23/2011** | | | | | | |
| 9/23/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 4.0000 | 0.2500 | 1.0000 |
| 9/23/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Fax Charges | Fax | 5.0000 | 0.2500 | 1.2500 |
| | | Date: 9/23/2011 | | 9.0000 | | 2.2500 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID  Stage: (all)  Type: All costs

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------------------------------|------------------------|-------|-------|-------|
| **Date: 10/1/2011** | | | | | | |
| 10/1/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Postage | Postage | 2.0000 | 1.6800 | 3.3600 |
| 10/1/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Postage | Postage | 1.0000 | 0.4400 | 0.4400 |
| | | | Date: 10/1/2011 | 3.0000 | | 3.8000 |
| **Date: 11/5/2011** | | | | | | |
| 11/5/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Fax Charges | Fax | 24.0000 | 0.2500 | 6.0000 |
| | | | Date: 11/5/2011 | 24.0000 | | 6.0000 |
| **Date: 11/21/2011** | | | | | | |
| 11/21/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 3.0000 | 0.2500 | 0.7500 |
| | | | Date: 11/21/2011 | 3.0000 | | 0.7500 |
| **Date: 11/22/2011** | | | | | | |
| 11/22/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 2.0000 | 0.2500 | 0.5000 |
| | | | Date: 11/22/2011 | 2.0000 | | 0.5000 |
| **Date: 12/11/2011** | | | | | | |
| 12/11/2011 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Postage | Postage | 1.0000 | 0.4400 | 0.4400 |
| | | | Date: 12/11/2011 | 1.0000 | | 0.4400 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID  Stage: (all)  Type: All costs

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
| **Date: 12/14/2011** | | | | | | |
| 12/14/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 12.0000 | 0.2500 | 3.0000 |
| 12/14/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 1.0000 | 0.2500 | 0.2500 |
| 12/14/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 1.0000 | 0.2500 | 0.2500 |
| 12/14/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 1.0000 | 0.2500 | 0.2500 |
| 12/14/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 1.0000 | 0.2500 | 0.2500 |
| 12/14/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 2.0000 | 0.2500 | 0.5000 |
| | | Date: 12/14/2011 | | 18.0000 | | 4.5000 |
| **Date: 12/15/2011** | | | | | | |
| 12/15/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 57.0000 | 0.2500 | 14.2500 |
| 12/15/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 56.0000 | 0.2500 | 14.0000 |
| | | Date: 12/15/2011 | | 113.0000 | | 28.2500 |
| **Date: 12/20/2011** | | | | | | |
| 12/20/2011 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 2.0000 | 0.2500 | 0.5000 |
| | | Date: 12/20/2011 | | 2.0000 | | 0.5000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: All costs

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|------|------|--------------------------------------------------|---------------------|-------|-------|-------|
| **Date: 12/31/2011** | | | | | | |
| 12/31/2011 | VPH | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Filing Fees | FF | 1.0000 | 3.5000 | 3.5000 |
| | | Date: 12/31/2011 | | 1.0000 | | 3.5000 |
| **Date: 1/5/2012** | | | | | | |
| 1/5/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Scans | S | 2.0000 | 0.2500 | 0.5000 |
| | | Date: 1/5/2012 | | 2.0000 | | 0.5000 |
| **Date: 1/10/2012** | | | | | | |
| 1/10/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Prints | P | 2.0000 | 0.2500 | 0.5000 |
| | | Date: 1/10/2012 | | 2.0000 | | 0.5000 |
| **Date: 1/12/2012** | | | | | | |
| 1/12/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Scans | S | 2.0000 | 0.2500 | 0.5000 |
| 1/12/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Scans | S | 2.0000 | 0.2500 | 0.5000 |
| 1/12/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Scans | S | 1.0000 | 0.2500 | 0.2500 |
| | | Date: 1/12/2012 | | 5.0000 | | 1.2500 |
| **Date: 1/31/2012** | | | | | | |
| 1/31/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Prints | P | 35.0000 | 0.2500 | 8.7500 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: All costs

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
| 1/31/2012 | VPH | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Filing Fees - USDC action | FF | 1.0000 | 346.5000 | 346.5000 |
| | | Date: 1/31/2012 | | 36.0000 | | 355.2500 |
| **Date: 2/1/2012** | | | | | | |
| 2/1/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 6.0000 | 0.2500 | 1.5000 |
| | | Date: 2/1/2012 | | 6.0000 | | 1.5000 |
| **Date: 2/3/2012** | | | | | | |
| 2/3/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 28.0000 | 0.2500 | 7.0000 |
| 2/3/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 12.0000 | 0.2500 | 3.0000 |
| | | Date: 2/3/2012 | | 40.0000 | | 10.0000 |
| **Date: 2/6/2012** | | | | | | |
| 2/6/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 52.0000 | 0.2500 | 13.0000 |
| | | Date: 2/6/2012 | | 52.0000 | | 13.0000 |
| **Date: 2/21/2012** | | | | | | |
| 2/21/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 82.0000 | 0.2500 | 20.5000 |
| | | Date: 2/21/2012 | | 82.0000 | | 20.5000 |
| **Date: 2/24/2012** | | | | | | |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 331.0000 | 0.2500 | 82.7500 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114    Search by: Matter ID   Stage: (all)   Type: All costs

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|----------|------|-------|-------|-------|
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 6.0000 | 0.2500 | 1.5000 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 3.0000 | 0.2500 | 0.7500 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 17.0000 | 0.2500 | 4.2500 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 23.0000 | 0.2500 | 5.7500 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 4.0000 | 0.2500 | 1.0000 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 2.0000 | 0.2500 | 0.5000 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 28.0000 | 0.2500 | 7.0000 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 36.0000 | 0.2500 | 9.0000 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 39.0000 | 0.2500 | 9.7500 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 38.0000 | 0.2500 | 9.5000 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 17.0000 | 0.2500 | 4.2500 |
| 2/24/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 8.0000 | 0.2500 | 2.0000 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID  Stage: (all)  Type: All costs

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-------------------------|----------------|-------|-------|-------|
| 2/24/2012 |  | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Scans | S | 2.0000 | 0.2500 | 0.5000 |
|  |  | Date: 2/24/2012 | | 554.0000 | | 138.5000 |
| **Date: 2/25/2012** | | | | | | |
| 2/25/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Postage | Postage | 2.0000 | 1.3000 | 2.6000 |
| 2/25/2012 | CAS | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Prints | P | 129.0000 | 0.2500 | 32.2500 |
|  |  | Date: 2/25/2012 | | 131.0000 | | 34.8500 |
| **Date: 2/28/2012** | | | | | | |
| 2/28/2012 |  | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Prints | P | 2.0000 | 0.2500 | 0.5000 |
|  |  | Date: 2/28/2012 | | 2.0000 | | 0.5000 |
| **Date: 2/29/2012** | | | | | | |
| 2/29/2012 | VPH | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Attorney Service (Runner/Process Service) | AS | 1.0000 | 105.0000 | 105.0000 |
|  |  | Date: 2/29/2012 | | 1.0000 | | 105.0000 |
| **Date: 3/1/2012** | | | | | | |
| 3/1/2012 |  | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Prints | P | 215.0000 | 0.2500 | 53.7500 |
| 3/1/2012 |  | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Prints | P | 18.0000 | 0.2500 | 4.5000 |
| 3/1/2012 |  | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF Marbella Flooring LLC [Second Delinquency] Prints | P | 17.0000 | 0.2500 | 4.2500 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID   Stage: (all)   Type: All costs

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----|-----|------|------|------|
| 3/1/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 3.0000 | 0.2500 | 0.7500 |
| 3/1/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 17.0000 | 0.2500 | 4.2500 |
| 3/1/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 31.0000 | 0.2500 | 7.7500 |
| 3/1/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 47.0000 | 0.2500 | 11.7500 |
| 3/1/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 65.0000 | 0.2500 | 16.2500 |
| 3/1/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 28.0000 | 0.2500 | 7.0000 |
| 3/1/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 43.0000 | 0.2500 | 10.7500 |
| | | Date: 3/1/2012 | | 484.0000 | | 121.0000 |
| **Date: 3/15/2012** | | | | | | |
| 3/15/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 17.0000 | 0.2500 | 4.2500 |
| | | Date: 3/15/2012 | | 17.0000 | | 4.2500 |
| **Date: 3/16/2012** | | | | | | |
| 3/16/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 6.0000 | 0.2500 | 1.5000 |
| 3/16/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 3.0000 | 0.2500 | 0.7500 |

# The Urban Law Firm
## Transactions Listing Report

Search Description:
Search for: 1025.0114   Search by: Matter ID  Stage: (all)  Type: All costs

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----------------------------------------------------------|------------------------|-------|-------|-------|
| 3/16/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 3.0000 | 0.2500 | 0.7500 |
| | | Date: 3/16/2012 | | 12.0000 | | 3.0000 |
| **Date: 3/23/2012** | | | | | | |
| 3/23/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Prints | P | 2.0000 | 0.2500 | 0.5000 |
| 3/23/2012 | | 1025.0114 / BAC Local 13 Trust Funds and ITTFBF<br>Marbella Flooring LLC [Second Delinquency]<br>Scans | S | 2.0000 | 0.2500 | 0.5000 |
| | | Date: 3/23/2012 | | 4.0000 | | 1.0000 |
| | | Grand Total | | 1,627.0000 | | 866.3400 |

EXHIBIT B

**Marbella 2DQ**
**BAC**

| | |
|---|---|
| Jan. 2011 monthly cont. | $5,607.82 |
| LD | $1,121.56 |
| Pre-Judgment interest | $875.43 |
| | $7,604.81 |

**Int'l**

| | |
|---|---|
| Jan. 2011 monthly cont. | $2,994.09 |
| LD | $598.81 |
| Pre-Judgment interest | $467.41 |
| | $4,060.31 |
| | $11,665.12 |

| | |
|---|---|
| NSF Checks | $425.95 June |
| | $1,301.91 July |
| | $1,247.37 August |
| subtotal | $2,975.23 |

| | |
|---|---|
| LD | $595.05 |
| Total Interest (see NSF sheet) | $251.59 |
| | $3,821.87 |
| | **$15,486.99** |

| | |
|---|---|
| Attorney's Fees as of 1/27/12 | $7,431.00 |
| Costs (filing fees/costs) | $866.34 |
| | $8,297.34 |

**TOTAL   $23,784.33**

| NOTES | Cont. only | incl. NSF |
|---|---|---|
| total contributions | $8,601.91 | $11,577.14 |
| total LD | $1,720.37 | $2,315.42 |
| total int. | $1,342.84 | $1,594.43 |

| | | | |
|---|---|---|---|
| NSF Checks | $425.95 | June | |
| | $1,301.91 | July | |
| | $1,247.37 | August | |
| subtotal | $2,975.23 | | |
| LD | $595.05 | | |
| Interest | $251.59 | | |
| | *$3,821.87* | | |

| NSF Checks - Interest | Amt. | Days | Int. Rate | Total |
|---|---|---|---|---|
| June Report | $425.95 | | | |
| 7/15/11-3/27/12 | | 257 | 14.00% | $42.57 |
| | | | | |
| July Report | $1,301.91 | | | |
| 8/15/11-3/27/12 | | 226 | 14.00% | $114.42 |
| | | | | |
| August Report | $1,247.37 | | | |
| 9/15/11-3/27/12 | | 195 | 14.00% | $94.59 |
| | | | | $251.59 |

| Report | Trust Fund | Month | DUE | Contributions | Liquidated Damages | Interest through 3/27/12 | Amount Due |
|---|---|---|---|---|---|---|---|
| Tile | BAC Local | January-11 | 2/15/11 | $2,646.00 | $529.20 | $413.07 | $3,588.27 |
| Tile Finisher | BAC Local | January-11 | 2/15/11 | $2,961.82 | $592.36 | $462.37 | $4,016.55 |
| Tile | Int'l Trust Funds | Jan-11 | 2/15/11 | $1,266.07 | $253.21 | $197.65 | $1,716.93 |
| Tile Finisher | Int'l Trust Funds | Jan-11 | 2/15/11 | $1,728.02 | $345.60 | $269.76 | $2,343.38 |
| | | | | | | *Total Due* | $11,665.13 |